**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GUY C. DEMPSEY, JR. and NANCY SHAW
DEMPSEY,

                Plaintiffs,

-v-

UNITED STATES OF AMERICA,

             Defendant.

No. 24 Civ. 9389 (JGLC)

## MEMORANDUM OF LAW IN SUPPORT OF
## THE GOVERNMENT'S MOTION TO DISMISS PURSUANT TO
## FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2769
E-mail: rachel.kroll@usdoj.gov

RACHEL KROLL
Assistant United States Attorney
– Of Counsel –

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................... 3

FACTUAL BACKGROUND ................................................................................... 4

LEGAL STANDARDS ............................................................................................ 6

ARGUMENT ........................................................................................................... 7

I.    THIS COURT DOES NOT HAVE JURISDICTION OVER PLAINTIFFS' CLAIM FOR A TAX REFUND. ........................................................................... 7

II.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED. ....................................................................................... 11

CONCLUSION ..................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................... 6, 7
*Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196 (2d Cir. 1992)............................ 6
*Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007) ................................................................. 6, 7
*Borenstein v. Comm'r of Internal Revenue*, 919 F.3d 746 (2d Cir. 2019)................................... 8
*Buday v. New York Yankees P'ship*, 486 F. App'x 894 (2d Cir. 2012) ......................................... 6
*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ..................................................... 7
*Chiulli v. I.R.S.*, No. 03-cv-06670, 2005 WL 579885 (S.D.N.Y. Mar. 11, 2005) ...................... 10
*Climaco v. I.R.S.*, No. 94-cv-02272, 1995 WL 221469 (E.D.N.Y. Mar. 31, 1995) .................... 11
*Conyers v. Rossides*, 558 F.3d 137 (2d Cir. 2009) ...................................................................... 6
*Cooke v. United States*, 918 F.3d 77 (2d Cir. 2019) .................................................................... 6
*Daly v. Citigroup Inc.*, 939 F.3d 415 (2d Cir. 2019) .................................................................... 6
*Deutsch v. Comm'r*, 599 F.2d 44 (2d Cir. 1979) .......................................................................... 9
*Fier v. United States*, No. 01-cv-02225, 2002 WL 453177 (S.D.N.Y. Mar. 25, 2002)................ 8
*Halebian v. Berv*, 644 F.3d 122 (2d Cir. 2011) ........................................................................... 7
*Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009) ................................................................................. 7
*Holowecki v. Fed. Exp. Corp.*, 440 F.3d 558 (2d Cir. 2006) ........................................................ 7
*Israel v. United States*, 356 F.3d 221 (2d Cir. 2004) ............................................................. 8, 11
*Kulawy v. United States*, 917 F.2d 729 (2d Cir. 1990) ................................................................. 7
*Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106 (2d Cir. 2020) ..................................... 6
*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000) ............................................................. 6
*McGowan v. United States*, 825 F.3d 118 (2d Cir. 2016)............................................................. 6

*Morales v. United States*, 38 F.3d 659 (2d Cir. 1994) ..................................................... 7

*Prowse v. I.R.S.*, No. 89-cv-02084, 1992 WL 330213 (E.D.N.Y. Sept. 9, 1992)........................ 11

*Reilly v. United States*, No. 91-cv-04625, 1992 WL 455406 (E.D.N.Y. Dec. 3, 1992) ......... 10, 11

*Richardson v. N.Y.C. Bd. of Educ.*, 711 F. App'x 11 (2d Cir. 2017)........................................ 7

*Salahuddin v. Jones*, 992 F.2d 447 (2d Cir. 1993) ............................................................... 7

*Spencer Med. Assocs. v. Comm'r*, 155 F.3d 268 (4th Cir. 1998) ................................... 9

*Stark v. I.R.S.*, No. 89-cv-7250, 1990 WL 156494 (N.D. Ill. Oct. 11, 1990) ............................. 8

*Stauffer v. I.R.S.*, 939 F.3d 1 (1st Cir. 2019)........................................................................ 8

*United States v. Forma,* 42 F.3d 759 (2d Cir. 1994) ........................................................ 8

*United States v. King*, 395 U.S. 1 (1969)............................................................................ 7

*Washton v. United States*, 13 F.3d 49 (2d Cir. 1993) ..................................................... 11

*Weisman v. I.R.S.*, 972 F. Supp. 185 (S.D.N.Y. 1997) ...................................... 8, 9, 10

*Wertz v. United States*, 51 Fed. Cl. 443 (2002)................................................................ 8

*Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315 (2d Cir. 2021) ....................................... 7

## Statutes

26 U.S.C. § 6511(a) ............................................................................................ 8

26 U.S.C. § 6511(b)(2)(A) .......................................................................... 8, 11

26 U.S.C. § 6513 ............................................................................................ 8

26 U.S.C. § 7502 ...................................................................................... 9, 11

28 U.S.C. § 1346 ............................................................................................ 7

## Rules

Fed. R. Civ. P. 12(b)(1)......................................................................... 3, 4, 6, 8, 10

Fed. R. Civ. P. 12(b)(6)......................................................................... 3, 4, 6, 7, 11

2

Matthew Podolsky, Acting United States Attorney for the Southern District of New York, on behalf of defendant the United States of America (the "United States" or the "Government"), respectfully submits this memorandum of law in support of the United States' motion to dismiss the plaintiffs' complaint (the "Complaint") for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiffs seek to recover $49,516 that they overpaid towards their tax liability for Tax Year 2016 through withholding and estimated tax payments. Plaintiffs paid $125,827 towards their potential liability for 2016 but claimed that they realized in early 2017 that their tax liability would only be $76,311, an amount lower than what they had already paid. They asserted that "there was no urgent need to file a tax return to avoid interest or penalties" in light of this overpayment. Plaintiffs ultimately did make a claim for a refund of this alleged overpayment by filing their tax return for tax year 2016 seeking a refund. However, they filed too late. Specifically, Plaintiffs are not entitled to a refund, and this case should be dismissed, because Plaintiffs failed to file their tax return containing this refund claim until more than 3 years after the due date of the return. Plaintiffs' tax return for tax year 2016 was due, after extension, on October 15, 2017. IRS records show that Plaintiffs did not file their tax return for tax year 2016 asserting a claim for a refund until March 8, 2023, more than 5 years after the due date of the return.

Plaintiffs claim that they mailed their return in 2018, within 3 years of the October 15, 2017 due date for the return. But the Complaint does not allege that they have a postmark or certified receipt demonstrating that they mailed their return to the IRS in 2018. Instead, Plaintiffs allege that they can demonstrate that this mailing occurred through an affidavit from Plaintiff Guy

Dempsey. However, this self-serving affidavit is insufficient by statute to prove that the refund claim was timely filed. The statute addressing proof of mailing a refund request requires proof of (1) a postmark on an envelope received by the IRS, or (2) a registered or certified mail receipt. Plaintiffs have not alleged the existence of either of these forms of proof. This case should thus be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). First, the Court lacks subject matter jurisdiction over this lawsuit because the United States may only be sued for tax refunds if the claim for a refund contained in a tax return is filed within three years of the due date of the return. Since the Internal Revenue Service ("IRS") did not receive Plaintiffs' tax return for tax year 2016 until 2023, the claim for a refund is too late and the Complaint should be dismissed. Second, Plaintiffs have failed to state a claim since they have not alleged that the refund claim was timely filed either through (1) a postmark on an envelope received by the IRS demonstrating that the request was made within three years from the due date of the return, or (2) that Plaintiffs have a registered or certified mail receipt demonstrating that they timely submitted the refund request. Since they have not alleged either statutorily permissible form of proof regarding the date that they submitted a refund claim, they have failed to state a claim for a refund. For these reasons, the Complaint must be dismissed.

## FACTUAL BACKGROUND

Plaintiffs paid the IRS $125,827 in taxes for tax year 2016, resulting in a $49,516 overpayment. Compl. ¶¶ 7, 15. Plaintiffs claim that paid $125,827 through "a combination of tax withholding and estimated tax payments" towards their 2016 tax liabilities. *Id.* ¶ 8. Plaintiffs allege that by early 2017, Plaintiffs had calculated that the amount they had already paid the IRS was greater than the tax liability owed for 2016 of $76,311 and that, accordingly, there was "no urgent need to file a tax return to avoid interest or penalties." *Id.* ¶ 9. The IRS transcript for tax year 2016

likewise reflects that Plaintiffs made all their estimated tax payments and withholding on or prior to April 15, 2017. Specifically, the IRS transcript shows that Plaintiffs made estimated tax payments on April 21, 2016, June 18, 2016, and September 18, 2016; estimated tax was transferred in on January 18, 2017; and that there was W2 or 1099 withholding reflected on April 15, 2017. Declaration of Shane M. Odd, dated April 3, 2025 ("Odd Decl.") ¶ 5(g), Ex. 1. In other words, all of the payments made towards the 2016 tax liability occurred prior to the October 15, 2017 due date of the return.

Plaintiffs' tax return was originally due on April 15, 2017, but the IRS granted an extension of time for the return to be filed until October 15, 2017. Odd Decl. ¶ 5(a). Plaintiffs claim they mailed their 2016 tax return on or about October 15, 2018, but do not plead any proof of filing beyond an affidavit signed by Plaintiff Guy Dempsey. Compl. ¶¶ 9–10. Plaintiffs allege that on March 8, 2023, the IRS contacted Plaintiffs and advised them that the IRS had no record of the 2016 return, which Plaintiffs then provided and the IRS received on or about March 8, 2023. Compl. ¶ 12; Decl. ¶ 5(c). IRS records show that the plaintiffs' 2016 tax return was not received until March 8, 2023, and then processed by the IRS on May 29, 2023. Odd Decl. ¶ 5(c)–(d).

By letter dated August 23, 2023, the IRS notified Plaintiffs that their claim for a refund was disallowed. Compl. ¶¶ 13–14; Odd Decl. ¶ 8(a), Ex. B. The letter explained:

> We can't allow your claim for a refund. You filed your original tax return more than 3 years after the due date. Your tax return showed an overpayment; however, we can't allow your claim for credit or refund of this overpayment because you filed your return more than 3 years after your most recent payment. We can only credit or refund an overpayment on a return you file within 3 years from its due date. We consider tax you withheld and estimated tax as paid on the due date (i.e., April 15) for filing your tax return. We treat the amount of the allowable earned income credit that exceeds the actual income tax you owe in a similar manner as these prepaid credits. The received date on your return is Mar. 08, 2023. The last day to file a timely claim or return for tax year 2016 was Oct. 15, 2020. We can't allow your claim or return because the received date is after the deadline.

Odd Decl. Ex. B.

Plaintiffs pursued an administrative appeal seeking a tax refund for tax year 2016 that the IRS denied in May 2024. Odd Decl. ¶ 8(b)–(c), Exs. C, D. Plaintiffs initiated this action in December 2024. Compl. ¶ 14; Decl. ¶ 8.

## LEGAL STANDARDS

The Government is seeking to dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Rule 12(b)(1) governs a motion to dismiss for lack of subject matter jurisdiction. "A case is properly dismissed . . . under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Daly v. Citigroup Inc.*, 939 F.3d 415, 425 (2d Cir. 2019) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). To withstand dismissal under Rule 12(b)(1), plaintiffs "bear[] the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019) (quoting *McGowan v. United States*, 825 F.3d 118, 125 (2d Cir. 2016)). While Rule 12(b)(1) requires a court to "accept as true all material facts alleged in the complaint," *Buday v. New York Yankees P'ship*, 486 F. App'x 894, 895 (2d Cir. 2012) (quoting *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009)), "argumentative inferences favorable to the party asserting jurisdiction should not be drawn," *id.* (quoting *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992)). Furthermore, the Court may extend its purview to consider evidence outside the pleadings. *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 121 (2d Cir. 2020) (abrogated on other grounds).

To withstand dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). The

assumption of truth, however, does not apply to "allegations that amount to mere 'legal conclusions.'" *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 321 (2d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678. While "detailed factual allegations" are not necessary, a pleading must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Despite pleadings by *pro se* plaintiffs being liberally construed, even *pro se* plaintiffs may not rely on conclusory allegations. *See Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (holding that the plausibility standard in *Twombly* and *Iqbal* applies to *pro se* complaints, even though courts still must construe *pro se* complaints liberally).

In deciding a motion to dismiss under Rule 12(b)(6), the Court may consider documents incorporated by reference or integral to the complaint, documents capable of judicial notice, and documents "either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Halebian v. Berv*, 644 F.3d 122, 130 n.7 (2d Cir. 2011) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)); *accord, e.g.*, *Richardson v. N.Y.C. Bd. of Educ.*, 711 F. App'x 11, 13 (2d Cir. 2017); *Holowecki v. Fed. Exp. Corp.*, 440 F.3d 558, 565–66 (2d Cir. 2006), *aff'd sub nom. Federal Exp. Corp. v. Holowecki*, 552 U.S. 389 (2009).

## ARGUMENT

### I.    This Court Does Not Have Jurisdiction Over Plaintiffs' Claim for a Tax Refund.

"It is well established that the United States may be sued only to the extent that it has waived sovereign immunity by enacting a statute consenting to suit." *Kulawy v. United States*, 917 F.2d 729, 733 (2d Cir. 1990). Such waivers "are to be strictly construed," *Morales v. United States*, 38 F.3d 659, 660 (2d Cir. 1994), and "must be unequivocally expressed," *United States v. King*, 395 U.S. 1, 4 (1969). The United States statutorily waived its immunity for claims to tax credits and refunds in 28 U.S.C. § 1346, but this waiver is subject to "a series of procedural hurdles that

taxpayers must surmount in order to maintain such suits." *United States v. Forma,* 42 F.3d 759, 763 (2d Cir. 1994).

One such procedural hurdle is the "look back" provision of 26 U.S.C. § 6511(b)(2)(A), which "limits a claim for a refund to amounts paid within three years prior to the claim." *Israel v. United States*, 356 F.3d 221, 223 n.2 (2d Cir. 2004).[1] Any claim to a refund past the three-year deadline is jurisdictionally barred and must be dismissed under Rule 12(b)(1). *See, e.g.*, *Fier v. United States*, No. 01-cv-02225, 2002 WL 453177, at \*9 (S.D.N.Y. Mar. 25, 2002) (dismissing for lack of jurisdiction when taxpayer filed after the three-year § 6511 "look back" period); *Weisman v. I.R.S.*, 972 F. Supp. 185, 187–89 (S.D.N.Y. 1997) (same); *cf. Stauffer v. I.R.S.*, 939 F.3d 1, 5–6 (1st Cir. 2019) (noting that "timely filing of a refund claim is a jurisdictional prerequisite to a tax refund suit" and reviewing *de novo* the district court's determination that it lacked subject matter jurisdiction when taxpayer did not file within the applicable "look back" period).

It is undisputed that Plaintiffs' 2016 tax return was originally due on April 15, 2017, Compl. ¶ 13, and that IRS granted an extension until October 15, 2017, Odd Decl. ¶ 5(a). It is also undisputed that the withholding and estimated taxes paid towards tax year 2016 took place on or before April 15, 2017. Odd Decl. ¶ 5(g), Ex. 1; Compl. ¶ 7. Based on the extended deadline to file the return for tax year 2016 by October 15, 2017, the deadline to file a claim for a refund was thus October 15, 2020. 26 U.S.C. § 6511(a); *cf. Stark v. I.R.S.*, No. 89-cv-7250, 1990 WL 156494, at \*1 (N.D. Ill. Oct. 11, 1990) (noting an extension for filing a tax return similarly "extended the time

---

[1] 26 U.S.C. § 6513 establishes that a taxpayer's taxes, either withheld or paid in installments over the tax year, are "deemed to have been paid" on the due date for that year's tax return. *Borenstein v. Comm'r of Internal Revenue*, 919 F.3d 746, 750 (2d Cir. 2019); *accord Wertz v. United States*, 51 Fed. Cl. 443, 447 (2002).

for filing a claim for refund" for the same amount of time). IRS's records reflect that the IRS did not receive Plaintiff's tax year 2016 return until on or about March 8, 2023, Compl. ¶¶ 11–12; Decl. ¶ 5–7, which is well beyond the "look back" period and thus renders the refund claim untimely.

Plaintiffs seek to establish jurisdiction by alleging that they mailed the return on October 15, 2018, a date within the three-year look back period, and claiming that this allegation is supported by an affidavit signed by Plaintiff Guy Dempsey "[i]n the absence of a return receipt" that states that the return was mailed on that date. Complaint ¶¶ 9–10, Odd Decl. Ex. C (attaching affidavit). But Congress has determined that this is statutorily insufficient to establish jurisdiction in a refund case.

Specifically, 26 U.S.C. § 7502 provides that the taxpayer may prove timely filing in one of only two ways: (1) a postmarked envelope actually delivered to the IRS, or (2) a postmarked registered or certified mail receipt. *Weisman*, 972 F. Supp. at 188; *cf. Spencer Med. Assocs. v. Comm'r*, 155 F.3d 268, 271 (4th Cir. 1998). By strictly adhering to the statutory exception, the Second Circuit has enforced "an easily applied, objective standard." *Deutsch v. Comm'r*, 599 F.2d 44, 46 (2d Cir. 1979).

Plaintiffs cannot establish either of these statutorily required facts necessary to establish jurisdiction. As to the first manner authorized by statute to demonstrating timely filing within the three-year "look back" provision, Plaintiffs have not alleged much less presented evidence that there is a postmarked envelope actually delivered to the IRS. IRS records demonstrate that the IRS first received Plaintiff's tax year 2016 return on or about March 8, 2023, Odd Decl. ¶ 6, Ex. A, more than five years after the due date of the tax return for 2016.

9

As to the second manner of demonstrating timely filing, Plaintiffs do not plead nor demonstrate the existence of a postmarked registered or certified mail receipt. Plaintiffs acknowledge that they are unable to produce a return receipt for the tax return they "believe" was "sent by certified mail." Compl. ¶ 10. They acknowledge that have "been unable to locate a return receipt." Compl. ¶ 10. In attempting to rely on an affidavit from Plaintiff Guy Dempsey, Plaintiffs further acknowledge that the affidavit was provided "[i]n the absence of a return receipt." Compl. ¶ 10. Plaintiffs also claim without evidence that the return was lost either by the U.S. Postal Service or the IRS, Compl. ¶ 21. Because Plaintiffs fail to plead either of the two exceptions laid out in Section 7502, this Court does not have subject matter jurisdiction over their claims. *Weisman*, 972 F. Supp. at 189 ("Plaintiff cannot establish timely filing of his claim. Accordingly, the Court lacks subject matter jurisdiction over this action.").

In ruling on whether plaintiffs can establish subject matter jurisdiction under Rule 12(b)(1), courts in the Second Circuit have repeatedly and consistently refused to consider evidence not captured in the two Section 7502 exceptions, including affidavits, testimony, and other circumstantial evidence. *See, e.g.*, *Weisman*, 972 F. Supp. at 189 ("Because the testimony of Plaintiff's accountant is insufficient to establish that the refund claim was filed on or before April 15, 1987, and because no Section 7502 evidence has been presented, Plaintiff cannot establish timely filing of his claim."); *Chiulli v. I.R.S.*, No. 03-cv-06670, 2005 WL 579885, at *4 (S.D.N.Y. Mar. 11, 2005) ("Where, as here, the exception of section 7502 is not literally applicable, courts have consistently rejected testimony or other evidence as proof of the actual date of mailing."); *Reilly v. United States*, No. 91-cv-04625, 1992 WL 455406, at *2 (E.D.N.Y. Dec. 3, 1992) (finding testimony from plaintiffs' counsel that "he personally mailed the claim form . . . insufficient to

meet the requirements of section 7502"). The affidavit offered by Plaintiffs is thus not acceptable to establish jurisdiction.

## II.    Plaintiffs Have Failed to State a Claim on which Relief Can Be Granted.

For the same reasons this Court does not have subject matter jurisdiction over this case, Plaintiffs also fail to state a claim on which relief can be granted, and this Court should dismiss the Complaint under Rule 12(b)(6). As established above, Section 6511(b)(2)(A) "limits a claim for a refund to amounts paid within three years prior to the claim," *Israel*, 356 F.3d at 223, and Section 7502 sets forth the only two ways in which a taxpayer may prove timely filing: (1) a postmarked envelope actually delivered to the IRS, or (2) a postmarked registered or certified mail receipt.

Courts in the Second Circuit are similarly exacting when determining whether a taxpayer has plead timely filing under the Rule 12(b)(6) and repeatedly dismiss cases under this standard when taxpayers present only self-serving testimony. *See, e.g.*, *Climaco v. I.R.S.*, No. 94-cv-02272, 1995 WL 221469, at *2 (E.D.N.Y. Mar. 31, 1995) (finding that "'self-serving' testimony 'of a party is insufficient to establish that a tax form was duly filed.'" (quoting *Prowse v. I.R.S.*, No. 89-cv-02084, 1992 WL 330213, at *2 (E.D.N.Y. Sept. 9, 1992)); *Reilly*, 1992 WL 455406, at *3 ("By failing to meet the statutory requirement of section 7502, plaintiffs' claim has no legal sufficiency which would entitle them to relief. While plaintiffs may feel that this outcome is severe, it is conclusively demanded by the plain meaning of section 7502 and the controlling case law in the Second Circuit."); *cf. Washton v. United States*, 13 F.3d 49, 50 (2d Cir. 1993) (ruling "no genuine issue of material fact" existed when taxpayers "offer[ed] no evidence beyond their own statement that they mailed the return").

11

Plaintiffs have not alleged either (1) a postmarked envelope actually delivered to the IRS, or (2) a postmarked registered or certified mail receipt. Rather, Plaintiffs expressly acknowledge the "absence of a return receipt." Compl. ¶ 10; *id.* (stating that plaintiffs have "been unable to locate a return receipt."). Because the Complaint instead pleads only Plaintiff Guy Dempsey's affidavit as proof of timely filing, Compl. ¶ 10, it should also be dismissed for failure to state a claim on which relief can be granted.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant its motion to dismiss all claims against it.

Dated:  April 4, 2025
New York, New York

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York

By:    */s/ Rachel Kroll*                                  
Rachel Kroll
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2769
E-mail: rachel.kroll@usdoj.gov
*Attorney for Defendant*
*United States of America*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 3,934 words.