UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUY C. DEMPSEY JR. and NANCY SHAW DEMPSEY,<br><br>                              Plaintiffs,<br><br>         -against-<br><br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | 24-CV-9389 (JGLC)<br><br>**OPINION AND ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

In this action for overpayment of federal taxes, Plaintiffs allege that that they paid an excess of $49,516 for tax year 2016 and have been wrongfully denied a refund by the Internal Revenue Service ("IRS"). At issue is when Plaintiffs filed their tax return and refund claim—in 2018, when they attest to having mailed it, or in 2023, when they submitted a responsive photocopied version to the IRS—and whether that filing date constitutes a timely claim. Before the Court now is Defendant United States of America's Motion to Dismiss the Complaint. For the reasons below, the Court grants Defendant's Motion to Dismiss and dismisses the case.

## BACKGROUND

The following facts, unless otherwise noted, are taken from the Complaint and presumed to be true for the purposes of this motion. *See LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). Plaintiffs Guy C. Dempsey Jr. and Nancy Shaw Dempsey are a married couple who file joint tax returns in New York. ¶ 2. Plaintiffs claim that in the 2016 tax year, they overpaid their taxes by $49,516. *See* ¶¶ 8–9. However, Plaintiffs did not file a tax return for the 2016 tax year in 2017. ¶ 9. Instead, they waited until October 15, 2018, to file a tax return requesting the overpayment from 2016. *Id.* Plaintiffs believe that they sent this document via certified mail with a return receipt requested, but they do not currently have any return

receipt, nor does their local post office have any relevant searchable records. ¶ 10. Plaintiff Guy Dempsey, however, has previously sworn and notarized an affidavit regarding the mailing and delivered that affidavit to the IRS. ¶ 10.

In March 2023, a representative of the IRS contacted the Dempseys to tell them that the IRS lacked a tax return for 2016, despite having tax records for every other year. ¶ 11. Plaintiffs promptly sent the IRS representative a photocopy of their 2016 tax return, and the representative confirmed receipt within two days. ¶ 12. In her communications, the representative confirmed that Plaintiffs did not owe any penalties because the return showed that they were due a refund. *Id.*

Nonetheless, in August of the same year, an IRS Field Director informed Plaintiffs that their refund claim was invalid because of the late filing, which the IRS considered to be dated March 8, 2023. ¶ 13. The Field Director's letter indicated that overpayments could only be credited or refunded on returns filed within three years of the due date, which for the 2016 return was April 15, 2017. *Id.* Plaintiffs subsequently appealed the disallowance of their refund claim to the IRS Office of Appeals. ¶ 14. Their appeal was denied. *Id.*

Plaintiffs filed this Complaint on December 9, 2024, asserting jurisdiction pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422(a). ¶ 4. On April 4, 2025, Defendant filed its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 14. Plaintiffs filed a timely opposition to the Motion to Dismiss and included a declaration from Plaintiff Guy Dempsey, an attorney, attesting that he mailed the couple's 2016 tax return to the IRS on or about October 15, 2018. *See* ECF Nos. 18–19.

**LEGAL STANDARD**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (internal citation omitted). Thus, in resolving a motion to dismiss for lack of subject matter jurisdiction, the court "must accept as true all material factual allegations in the complaint" but "may not draw any jurisdictional inferences in favor of the plaintiff." *Blecher v. Holy See*, 146 F.4th 206, 216 (2d Cir. 2025) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004); citing *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).

"A Rule 12(b)(1) motion may be either facial or fact-based." *Lugo v. City of Troy, New York*, 114 F.4th 80, 87 (2d Cir. 2024). "[A] defendant is permitted to make a fact-based Rule 12(b)(1) motion" by proffering evidence beyond the pleadings, in opposition to which a plaintiff must submit their own controverting evidence when the evidence reveals "factual problems in the assertion of jurisdiction." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016) (cleaned up). "However, the plaintiffs are entitled to rely on the allegations in the [p]leading if the evidence proffered by the defendant is immaterial . . . ." *Id.* "Where, as here, the defendant moves for dismissal under Rule 12(b)(1), as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Wise v. Combe Inc.*, 724 F. Supp. 3d 225, 232–33 (S.D.N.Y. 2024) (quoting *Saint-Amour v. Richmond Org., Inc.*, 388 F. Supp. 3d 277, 286 (S.D.N.Y. 2019)).

**DISCUSSION**

Defendant United States of America (the "Government") contends that Plaintiffs' Complaint should be dismissed because the Court lacks subject matter jurisdiction or, alternatively, because Plaintiffs fail to state a claim that can form the basis for relief. *See* ECF No. 15 ("MTD") at 3. More specifically, the Government argues that Plaintiffs' late filing of their 2016 tax return warrants dismissal under both rules, because the IRS did not receive Plaintiffs' filing until 2023, nearly five years after Plaintiffs attest to having mailed it. MTD at 4. First, the Government argues that the United States "may only be sued for tax refunds if the claim for a refund contained in a tax return is filed within three years of the due date of the return." *Id*. And second, it contends that Plaintiffs' attempts to demonstrate timely filing fail because they lack proof of either a postmark on an envelope received by the IRS or a registered or certified mail receipt. *Id.*

The Court's discussion proceeds in three parts. Preliminarily, the Court explains why the timeliness requirements here are a question of subject matter jurisdiction. Then, the Court determines the required date of filing and the Dempseys' operative date of filing in this case. Finally, the Court finds that it lacks subject matter jurisdiction to review the instant petition because the underlying refund claim was not timely filed. Because the Court concludes that it lacks subject matter jurisdiction, the Court does not address the Government's motion under Rule 12(b)(6).

**I.      Timeliness of Filing a Claim Is a Jurisdictional Issue in Tax Cases.**

Timeliness requirements, including under 26 U.S.C. § 6511(a), are jurisdictional in tax cases because they constitute the terms of congressional waiver of sovereign immunity. *See United States v. Dalm*, 494 U.S. 596, 608–10 (1990). "[W]aivers of sovereign immunity are to be

strictly construed." *Morales v. United States*, 38 F.3d 659, 660 (2d Cir. 1994) (citations omitted). "The terms of consent to be sued may not be inferred, but must be unequivocally expressed." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (cleaned up). Accordingly, the Court examines the statute of limitations under the Government's Rule 12(b)(1) motion.

## II. Plaintiffs' Claim is Untimely.

Courts have interpreted 26 U.S.C. § 6511(a) and 26 U.S.C. § 6511(b)(2)(A) to present two separate jurisdictional hurdles. *See, e.g.*, *Israel v. United States*, 356 F.3d 221, 223 (2d Cir. 2004); *Gallo v. United States*, No. 93-CV-7572 (MBM), 1994 WL 557072, at *2 (S.D.N.Y. Oct. 11, 1994) (collecting cases). First, to be timely, claims for a credit or refund of overpaid taxes must be filed within the later of three years from the time the return was filed or two years from the time the tax was paid, or, if no return was filed, within two years from the time the tax was paid. 26 U.S.C. § 6511(a). Second, the tax code establishes a "look back" rule regarding when a refund claim may be filed, limiting a claim for refund to amounts paid within three years, plus any granted extension, of filing. 26 U.S.C. § 6511(b)(2)(A); *see also Israel*, 356 F.3d at 223 n.2.

"The taxpayer bears the burden of showing that the refund claim was timely filed." *Weisman v. I.R.S.*, 972 F. Supp. 185, 187 (S.D.N.Y. 1997) (citing *Lefrak v. United States*, No. 94-CV-7668 (CSH), 1996 WL 420308, at *2 (S.D.N.Y. July 26, 1996)). Under 26 U.S.C. § 7502, only two forms of proof suffice to show timely mailing to the IRS: "(1) a postmarked envelope, or (2) the postmarked registered or certified mailing receipt." *Weisman*, 972 F. Supp. at 188 (citing 26 U.S.C. § 7502; 26 C.F.R. § 301.7502-1). Where Section 7502 is inapplicable, the Second Circuit has consistently required an "an easily applied, objective standard" that rejects "testimony or other evidence as proof of the actual date of mailing." *Deutsch v. Comm'r*, 599

5

F.2d 44, 46 (2d Cir. 1979) (citations omitted); *see also Washton v. United States*, 13 F.3d 49, 50 (2d Cir. 1993).

Therefore, to receive a refund, the Dempseys need to establish that they filed a return and refund claim for tax year 2016 by October 15, 2020, with one of the enumerated forms of proof under Section 7502. The first jurisdictional hurdle, Section 6511(a), does not bar Plaintiffs' claim because they filed their return and refund claim at the same time. *See* ¶ 18. Filing in this manner satisfies the three-year statutory requirement.[1] *Israel*, 356 F.3d at 223 (citations omitted).

However, Section 6511(b)(2)(A) only provided the Dempseys with three years from the last tax payment for tax year 2016, plus any applicable extensions, to file their refund claim. The Dempseys' IRS "Account Transcript" shows that they made payments at various points throughout 2016 with one final payment credited as April 15, 2017. ECF No. 16-1 at 2; *see also* 26 U.S.C. § 6513(b)(1) (explaining that any deductions and withholdings are deemed paid on April 15 of the following year). On that date, they were credited with paying $70,827. ECF No. 16-1 at 2. The IRS granted Plaintiffs a six-month extension to file their returns in 2017, rendering their original filing deadline as October 15, 2017. *Id.* With the six-month extension, the latest point for recovery under the look-back period was thus October 15, 2020.

Plaintiffs contend they met the statutory deadline because they "made a valid and timely claim . . . on October 15, 2018." ¶¶ 19–20. In support of that deadline, Mr. Dempsey, an attorney, provided the IRS with a sworn and notarized affidavit that he completed the mailing in 2018, and he swore the same to the Court in a supporting declaration. *See* ¶ 10; ECF No. 19 ("Dempsey Dec.") ¶¶ 1–5. The Dempseys also aver that the signature date on their 2016 tax return is from

---

[1] Although neither party addresses it, records indicate that Plaintiffs filed an amended tax return on July 31, 2023. *See* ECF No. 16-1 at 2; ECF No. 16 ("Odd Dec.") ¶ 5(e). An intervening four-and-a-half months does not change the analysis.

2018. ¶ 21. However, neither of these show proof of a timely mailing by a postmarked envelope, or the postmarked registered or certified mailing receipt. As such, the Court finds the date of filing to be March 8, 2023—the date the IRS has record of receiving the claim. *See* Odd Dec. ¶ 6.

The court in *Washton v. United States* faced a nearly identical situation. 13 F.3d 49 (2d Cir. 1993). In that case, responsive to an IRS request, the taxpayer-plaintiffs submitted a signed 1981 tax return in 1989. *Id.* at 49. The IRS denied their overpayment request as untimely, and the taxpayers brought suit, claiming that they mailed their 1981 tax return more than seven years earlier, well before the extended filing deadline. *Id.* However, the only proof they had done so were their own statements. *Id.* The Second Circuit clarified that even under out-of-circuit precedent, which arguably permitted more forms of proof, self-serving statements could not furnish proof of mailing in light of 26 U.S.C. § 7502. *Id.* at 50. In its brief opinion, the court also noted that the taxpayer-plaintiffs had not shown "any effort in the intervening years to ascertain the fate of the return" that they alleged they had mailed years prior. *Id.*

Plaintiffs' Affidavit and Declaration similarly do not support a 2018 date of filing. Plaintiffs admit that they do not have a "return receipt" showing the date of mailing. ¶ 10. Mr. Dempsey attests that he attempted to track down such a receipt but that those records are not maintained by his local post office. Dempsey Dec. ¶ 7. The IRS also lacks any record of receiving a 2016 tax return from the Dempseys before March 8, 2023. Odd Dec. ¶ 6. Following precedent in this Circuit and the clear statutory mandate laid out in the tax code, the Court cannot consider October 15, 2018, to be the date of filing based on Mr. Dempsey's statements alone. *See, e.g.*, *Weisman v. I.R.S.*, 972 F. Supp. at 189 (dismissing for lack of subject matter jurisdiction where the only proof of timeliness was an affidavit by the plaintiff's accountant). Even accepting, for purposes of the instant motion, that the tax return signature is from 2018 does not

7

support that the Dempseys properly mailed the form to the IRS on that date. The Court also notes that on the face of the Complaint, it took Plaintiffs five years and a request from the IRS to pursue in earnest the $49,516 they believed they were owed—a fact that does not support a 2018 filing date.

Plaintiffs seek to validate their claimed filing date of October 15, 2018, by citing to out-of-circuit, partially overruled precedent permitting extrinsic evidence of a timely filing. *See* ECF No. 18 ("Opp. to MTD") at 2, 7–8 (citing *Anderson v. Comm'r*, (9th Cir. 1992), *superseded by Baldwin v. United States*, 921 F.3d 836 (9th Cir. 2019); *Estate of Wood v. Comm'r*, 909 F.2d 1155 (8th Cir. 1990); *Sorrentino v. I.R.S.*, 383 F.3d 1187 (10th Cir. 2004)). Even if the Court did credit these non-binding rulings on the other side of a circuit split, *see Spencer Med. Assocs. v. Comm'r*, 155 F.3d 268, 271–72 (4th Cir. 1998) (identifying the circuit split), which it does not, the Government effectively distinguishes the extrinsic evidence in those cases from the singular self-serving affidavit present here, *see* ECF No. 20 ("Reply") at 3–5. Plaintiffs further contend that even if the Court requires Section 7502 evidence, they should still prevail because, "in cases where a return has been lost or a postmark was omitted or is illegible, courts have allowed a refund-seeking taxpayer to introduce extrinsic evidence for purposes of complying with Section 7502(a)(1)." Opp. to MTD at 2. But Plaintiffs do not cite any in-circuit case law to support their statement, nor has the Court found any. Finally, Plaintiffs contend that Defendants should "be estopped" from disputing their October 15, 2018 date of filing at this stage in the litigation because inferences must be drawn in their favor and "equity" further requires it. *Id.* at 3. However, Plaintiffs fail to come forward with any allegations or evidence to show that a claim was timely filed under proper means, and their "equity" arguments are unavailing.

Last, contrary to Plaintiffs' urgings, 26 U.S.C. § 6511(b)(2)(C) does not provide any relief here. According to its plain text, the Section applies when "no claim was filed." 26 U.S.C. § 6511(b)(2)(C). Here, the parties agree that the Dempseys provided the IRS with a copy of their 2016 tax return in March 2023. *See* ¶ 12; Odd Dec. ¶ 5(c). Thus, despite disagreements about the initial date of filing, there is no disagreement as to the fact of filing.

## CONCLUSION

Because the Court finds the refund claim date to be March 8, 2023, the Dempseys did not timely file their claim with the IRS. Accordingly, the Court finds it lacks subject matter jurisdiction to adjudicate this case and thus GRANTS Defendant's Motion to Dismiss under Rule 12(b)(1) with prejudice and DENIES Defendant's Motion to Dismiss under Rule 12(b)(6) as moot. The Clerk of Court is directed to terminate ECF No. 14 and close the case.

Dated: February 11, 2026
       White Plains, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge